IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,      :
                                        :

   v.                         :      Criminal No. 1:25-CR-307 -RDA
                                          :

MUNEEB AKHTER                :
a/k/a MICKEY AKHTER       :
a/k/a MUINB AKHTER,        :
                                          :

and                                   :
                                          :

SOHAIB AKHTER                :
a/k/a SUHAIB AKHTER,      :
                                          :

      Defendants.          :
                                          :

DEFENDANT SOHAIB AHKTER'S RESPONSE TO GOVERNMENT'S
MOTION TO CONTINUE TRIAL, EXCLUDE TIME UNDER THE
SPEEDY TRIAL ACT, AND DESIGNATE CASE AS COMPLEX

Defendant Sohaib Akhter, by counsel, submits his response in opposition to the

*Government's Motion to Continue Trial, Exclude Time Under the Speedy Trial Act, and*

*Designate Case as Complex* (hereinafter, the "Government's Motion") [No. 29].  In support

thereof, Sohaib Ahkter (hereinafter, Sohaib) states as follows:

The Government's Motion is a request to continue the trial date because of the complexity

of the case.  Under the seven (7) count Indictment [No.1], Sohaib is charged with Counts One

(Conspiracy) and Seven (Password Trafficking).  For the reasons stated herein, the government's

grounds for seeking a continuance does not justify continuing this case beyond the speedy trial

deadline.

I.    **The Government's contention, or implication, that Defendant's criminal background warrants a continuance is irrelevant, and a "red herring," to the motion before the Court.**

In its Motion, the Government implies, or suggests, that Defendant Sohaib's 2015 convictions serve some basis for continuing this case. The Government's Motion may support the basis for Defendant's pretrial detention, but it has little to no relevance to motion for continuance that is before the Court.

The central issue in the Government's Motion is whether the case is so complex as to justify a continuance beyond the speedy trial deadline. Sohaib's 2015 convictions, and the additional details concerning the 2015 convictions referenced in the footnote of the Government's Motion and elsewhere, is irrelevant to the motion before the Court. His prior convictions do not justify continuing this case beyond the speedy trial deadline.

II.    **The Government's accusation that Sohaib continues to obstruct justice while incarcerated is irrelevant, and a "red herring" to the motion before the Court.**

The Government also contends that a continuance is necessary because Sohaib is allegedly obstructing its continuing investigation of this case, including its efforts to find evidence for a superseding indictment. In paragraph 10(a) of its Motion, the Government identifies two "preliminary indicat[ion]" that during his incarceration, (a) "Defendant Sohaib Akhter *may have* instructed Subject 1 on how to characterize their past actions involving firearms;" and (b) that Sohaib "worked with Subject 1 to circumvent ADC security systems so that Subject 1 could provide unauthorized information to Sohaib Akhter."

The Government contends that "Defendants' ongoing efforts to thwart the Government's investigation is also creating additional discovery that must be analyzed, processed, and produced to defense counsel." *Gov. Motion, ¶ 19.* Indeed, the Government has the right, and perhaps a duty, to continue its investigation and bring additional charges by a superseding

2

indictment, or otherwise if warranted.  However, Sohaib's speedy trial rights to defend against the crimes with which he is actually and currently charged must not be compromised because the Government is unprepared to go forward on the indicted charges, or because it wishes to further its investigation for additional charges.  The Government indicted Sohaib on Counts One and Seven based upon the sufficiency of the evidence that it believed to have at the time of indictment to obtain a conviction.  Sohaib's right to a speedy trial far outweighs the Government's interest or "the ends-of-justice."

**III.    The Government's contention that their investigation has resulted in the collection of evidence of additional criminal activity since the November 3, 2025 indictment is irrelevant, and a "red herring" to the motion before the Court.**

The Government's characterization of its additional investigation is telling.  The Government vaguely describes its ongoing investigations as follows:

    a. "A Toshiba hard drive obtained from the Defendants' residence in Alexandria *appearing to contain information* from Company-1 and its U.S government clients . . ."

    b. "A second Toshiba hard drive obtained from Defendants' residence in Alexandria, *appearing to contain information* from Company-2, another U.S. government contractor . . ."

    c. "An Avolution hard drive with 12 terabytes of storage capacity obtained from the Defendants' residence in Alexandria and *appearing to contain information* from Company-1's proprietary products and referencing U.S. government clients . . ."

    . . .

> e. "An iPhone belonging to Defendant Sohaib Ahkter, convicted felon, that
>
>    ***appears to contain evidence*...**"

*Gov.  Motion, ¶ 5*

The Government's speculation that the information it observed in its "initial review of the[se] devices provide[d] evidence of additional criminal activity" is just that - speculative. *Gov. Motion, ¶ 5.* Indeed, the Government has the right, and perhaps a duty, to continue its investigation and bring additional charges by a superseding indictment, or otherwise.  However, Sohaib's speedy trial rights to defend against the crimes with which he is ***actually and currently charged*** must not be compromised because the Government is unprepared to go forward on the indicted charges, or because it wishes to further its investigation for additional charges.  The Government indicted Sohaib on Counts One and Seven based upon the sufficiency of the evidence that it believed to have at the time of indictment to obtain a conviction.  Sohaib's right to a speedy trial far outweighs the Government's interest or "the ends-of-justice."

## **CONCLUSION**

The issue in the Government's Motion is not whether Sohaib is likely to commit another crime during the pendency of trial, nor whether he is obstructing the Government in its investigation of this case or in a future indictment.  The background offered by the government is of little or no import to the motion at issue, nor is this an opportunity for the government to suggest that Sohaib's character and prior criminal conviction might warrant a continuance.  The central issue is whether the complexity of the case justifys a continuance beyond the speedy trial deadline.

Should the Court grant a continuance of trial, counsels in this case have discussed that the earliest time based upon their schedules would likely be in May 2026.  From his perspective, and

standing firm on the presumption of his innocence, Sohaib maintains that a continuance to May 2026, or longer, is three or more months of his life without his family and his freedom, and with the uncertainty of his future, in all respects, at stake.

For the foregoing reasons, Defendant Sohaib Akhter respectfully requests that upon a hearing on the merits, this Court deny the Government's Motion and proceed to trial as currently scheduled.  If the Court is inclined to grant the government's motion, Sohaib respectfully requests that the Court set a date for Sohaib's motion for pre-trial release,

Respectfully submitted,

SOHAIB AKHTER

Date:  January 9, 2026                                     By Counsel,

_/s/Chong C. Park_____
Chong C. Park, VSB No. 45733
Varsanik Park, PLLC
161 Fort Evans Road, N.E., Suite 235
Leesburg, Virginia 20190
Tel. 703.955.2776
Fax 703.940.9151
park@cplegalcounsel.com

**CERTIFICATE OF SERVICE**

I, Chong C. Park, counsel of record for Defendant, Sohaib Akhter, in the above-styled and referenced matter, do hereby certify that I have this day filed the above and foregoing document with the Clerk of Court utilizing the ECF system, who sent notice of said filing to all counsel of record.

_/s/Chong C. Park_____