IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:25-cr-307 (RDA) |
| | ) | |
| SOHAIB AKHTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Sohaib Akhter's ("Defendant") Motion *in limine* to preclude the Government from introducing evidence of his alleged prior bad acts pursuant to Federal Rule of Evidence 404(b) (Dkt. 69) ("404(b) Motion"). Considering the Motion, the Government's Opposition (Dkt. 90), and the arguments raised by the parties at the hearing held before this Court on April 29, 2026, this Court DENIES-IN-PART and TAKES-UNDER-ADVISEMENT-IN-PART the Motion for the reasons that follow.

### I.    BACKGROUND

Defendant Sohaib Akhter is charged by Superseding Indictment with Conspiracy to Damage a Protected Computer and to Destroy in violation of 18 U.S.C. § 371, Computer Fraud and Abuse – Password Trafficking in violation of 18 U.S.C. § 1030(a)(6) and (c)(2)(A), Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1), and Witness Tampering in violation of 18 U.S.C. § 1512(b)(1). Dkt. 41. Also charged in the Superseding Indictment is Defendant's brother, Co-Defendant Muneeb Akhter. *Id.* The Superseding Indictment alleges that, after Defendant was fired by his former employer, Defendant conspired with Muneeb Akhter to access computers without authorization, write-protect databases, delete databases, steal information, and destroy evidence of their unlawful activities. *Id.*

In a previous action in this District, Defendant signed a Statement of Facts, a Plea Agreement, and entered a plea of guilty for Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349, Conspiracy to Access a Protected Computer Without Authorization in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i)-(iii) and 371, and Conspiracy to Access a Government Computer without Authorization in violation of 1030(a)(2)(B) and (c)(2)(B)(i)-(iii). *See United States v.* Akhter, Case No. 1:15-cr-124, Dkts. 50, 51, 52 (E.D. Va.) (*"Akhter I"*). That case proceeded before former U.S. District Judge T.S. Ellis, III. In *Akhter I*, Defendant was also charged alongside Co-Defendant Muneeb Akhter. *See id.* Dkt. 23.

In the *Akhter I* Statement of Facts, Defendant agreed that he knowingly and willfully conspired with persons known and unknown, including Muneeb Akhter, to devise, execute, and attempt to execute a scheme and artifice to defraud the victim companies to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and caused the transmission of certain writings and signals in interstate commerce for the purpose of executing such scheme or artifice to defraud. *Id.* Dkt. 52 at 1. Defendant further agreed that, as part of the conspiracy and scheme to defraud, Defendant and his coconspirators would steal from Victim Company 1 credit card account information belonging to Victim Company 1's customers. *Id.* at 2. This scheme was carried out with the assistance of Muneeb Akhter, who secretly installed computer code onto the computer system of Victim Company 1 to automatically email credit card number and means of identification of the identity theft victims to email accounts controlled by himself and forwarded this information to Defendant upon request. *Id.* at 4. Also, in the *Akhter I* Statement of Facts, Defendant agreed that he knowingly and intentionally conspired and agreed with Muneeb Akhter and others to commit an offense against the United States to knowingly and intentionally access a computer, and thereby obtain information from a protected computer, and

2

the offense was committed for purposes of commercial advantage and private financial gain in furtherance of a criminal and tortious act. *Id.* at 15.

In this case, on January 9, 2026, the Government provided Defendant with notice of its intent to introduce evidence of prior crimes, wrongs, or acts stemming from *Akhter I. See* Dkt. 69; Dkt. 90-1. On April 13, 2026, the Government provided Defendant with a supplemental notice of its intent to introduce evidence of prior crimes, wrongs, or acts stemming from *Akhter I. See* Dkt. 90-2.

On April 13, 2026, Defendant, through counsel, filed a Motion his 404(b) Motion and moved to preclude the government from introducing evidence of his alleged prior bad acts pursuant to Federal Rule of Evidence 404(b). *Id.* Defendant primarily argues that the purpose of introducing such evidence is "solely to highlight Sohaib's alleged bad character." *Id.* at 3.

On April 17, 2026, Defendant filed a motion to proceed *pro se* and relegate counsel to a standby role. Dkt. 78.

On April 20, 2026, the Government filed a Response in Opposition to Defendant's Motion *in Limine*.

On April 22, 2026, the Court undertook a *Faretta* inquiry with Defendant and determined that Defendant was knowingly and voluntarily waiving his right to be represented by counsel. Dkt. 98.

On April 29, 2026, the Court held a hearing on the Motion at which Defendant, proceeding *pro se*, argued his Motion.[1]

---

[1] At the hearing, the Court again inquired whether Defendant still wanted to proceed *pro se*, and Defendant confirmed that he did.

## II.    STANDARD OF REVIEW

Any evidence which tends to make the existence of a fact of consequence in the case "more probable or less probable" is relevant and therefore, as a general proposition, admissible. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (citing Fed. R. Evid. 402, 401).   But even relevant evidence may be excluded if its probative value is "substantially outweighed" by the potential for undue prejudice, confusion, delay or redundancy. *Id.* Prejudice, as used in Rule 403, refers to evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (citing Fed. R. Evid. 403 Adv. Cmte. Note).

Against this general backdrop there are also other Federal Rules of Evidence which govern more particular circumstances – as relevant here, Rule 404(b).  Although potentially probative, the evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with that character. *See* Fed. R. Evid. 404(b)(1).   However, such evidence may nonetheless be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Bell*, 901 F.3d 455 (4th Cir. 2018).   Federal Rule of Evidence 404(b) is thus a rule of inclusion because it "recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception." *Id.* (quoting *Queen*, 132 F.3d at 994).  In *Queen*, the Fourth Circuit established a test to evaluate admissibility of evidence under 404(b), which requires that: (1) the prior-act evidence be relevant to an issue other than character, such as intent; (2) the evidence be necessary to prove an element of the crime charged; (3) the evidence be reliable; and (4) as required by Federal Rule of Evidence 403, the evidence's probative value not be "substantially outweighed" by its prejudicial nature. *Queen*, 132 F.3d at 995; *see also United States v. Lighty*, 616 F. 3d 321, 352 (4th Cir. 2010) (applying same).

## III.    ANALYSIS

Here, the Government seeks to admit evidence of Defendant's prior possession of ammunition, prior fraudulent schemes, and prior computer intrusion. Dkt. 90-1, 90-2.[2] Defendant opposes introduction of such evidence and argues that all such instances are offered solely for the purpose of presenting to the jury evidence of Defendant's alleged bad character. Dkt. 69 at ¶ 5. The Court addresses each category of evidence sought to be introduced below.

### A.    Ammunition

Defendant argues that the Government's purpose of introducing evidence of Defendant's possession of ammunition in the center console of his car and in the storage shed on his property is offered to show evidence of Defendant's alleged bad character. Dkt. 69 at ¶ 5. By contrast, the Government argues that the evidence is offered to show "knowledge, intent, and lack of mistake in, as charged, possessing multiple firearms several days later." Dkt. 90 at 9.

In *United States v. Bell*, 901 F.3d 455 (4th Cir., 2018), the Fourth Circuit affirmed a district court's admittance of Rule 404(b) evidence where Defendant was charged under 18 U.S.C. § 922(g)(1). There, the Government admitted the testimony of an officer who arrested Bell and witnessed Bell seated next to a Glock handgun, as well as police video. *Id.* at 464. The

---

[2] Specifically, the Government seeks to introduce the *Akhter I* Statement of Facts as well as the following evidence: (i) Defendant's alleged possession of 32 caliber ammunition in the middle console of his vehicle on or about March 12, 2025; (ii) Defendant's alleged possession of an ammunition box containing 376 rounds and Cal 30 rifle ammunition on or about March 12, 2025; (iii) a finding by Judge Ellis in *Akhter I* that Defendant had failed to comply with computer monitoring requirements that were part of his conditions of supervised release; (iv) a finding by Judge Ellis in *Akhter I* that Defendant had associated with an individual engaged in criminal activity in violation of his conditions of supervised release; (v) a Petition on Supervised Release filed in *Akhter I* after the Government learned that Defendant was using an unmonitored computer; (vi) a finding by Judge Ellis in *Akhter I* that Defendant had used an unmonitored electronic device in violation of his conditions of supervised release; and (vii) Judge Ellis' revocation of Defendant's term of supervised release based upon a finding that Defendant used an unmonitored computer, travelled to Maryland to try to obtain an alternate means of identification, and admitted to attempting to circumvent a background check. Dkt. 90-2.

Government offered that evidence as proof that Bell knowingly possessed another gun that was recovered during a search of his residence. *Id.* The district court later found that the testimony was admitted to prove intent and motive, rather than proof of character. *Id.* The Fourth Circuit affirmed. *Id.* ("Rather than merely establishing a propensity to commit crimes, the Washington, D.C. evidence was persuasive proof that Bell had . . . knowingly possessed the Ruger rifle in furtherance of his drug-trafficking activity."); *see also United States v. Stewart*, 628 F. App'x. 179, 182 (4th Cir. 2015) (holding that the district court did not abuse discretion in admitting evidence of defendant's two prior convictions for being a felon in possession of a firearm in a prosecution for a felon in possession); *United States v. Trent*, 443 F. Appx. 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and four years prior); *United States v. Comstock*, 412 F. Appx. 619, 624 (4th Cir. 2011) (affirming district court's admission of video of defendant walking around a hunting rifle in a § 922(g)(1) case, where defendant argued that he did not have knowledge of the firearms in the trunk of his car).

Here, the Government asserts that on March 12, 2025, federal agents executed a federal search warrant at Defendant's residence and searched the vehicle at the residence. Dkt. 90 at 6. Agents seized from the middle console of the vehicle two rounds of 32 caliber ammunition as well as an ammunition box containing 376 rounds and Cal 30 rifle ammunition from a storage shed on the premises. *Id.* The Government correctly asserts that this evidence relates to Count Eight of the Superseding Indictment, Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). Dkt. 41. In short, the evidence of Defendant's alleged prior possession of ammunition: (i) is intended to demonstrate Defendant's knowledge, intent, and lack of mistake; (ii) is relevant to Defendant's possession or constructive possession of a firearm as necessary to prove Count Eight, *United States v. Moye,* 454 F.3d 390, 395 (4th Cir. 2006); (iii) will be presented

6

through the testimony of a law enforcement officer, *see Queen*, 132 F.3d at 998 (holding that witnesses testifying subject to cross-examination renders evidence more reliable); and (iv) is not more prejudicial than probative, because the evidence sought to be admitted is not more sensational than the conduct charged, *United States v. Byers*, 649 F.3d 197 (4th Cir. 2011). Thus, each of the *Queen* factors are satisfied. Defendant's argument both in the Motion, through counsel, and at the hearing, *pro se*, was conclusory as to why such statements did not qualify for admission under Rule 404(b). Accordingly, following a long-line of Fourth Circuit precedent permitting the admission of evidence regarding prior possession of firearms to prove a violation of § 922(g) or other firearms-related offenses, this Court will deny the Motion and permit the Government to admit its evidence regarding prior possession of ammunition by Defendant.

> B.    Prior Fraudulent Schemes and Prior Computer Intrusion

Defendant further moves the Court to preclude the Government from admitting evidence of the prior fraud scheme and prior computer intrusion to which Defendant pled guilty in this District. Dkt. 69. The Court finds that the evidence of the prior fraud scheme properly demonstrates Defendant's motive, preparation, plan, knowledge, and modus operandi with respect to Count Seven, Password Trafficking, and Count One, Conspiracy to Commit a Computer Intrusion. Accordingly, the Court will deny the Motion with respect to the *Akhter I* Statement of Facts.

The greater the similarity between Rule 404(b) evidence and the fact in question, the more relevant the Rule 404(b) evidence becomes. *United States v. Cathey*, 619 Fed. Appx. 207, 209 (4th Cir. 2015) (citing *United States v. Queen*, 132 F.3d 991, 997 (4th Cir.1997)). When determining relevance, courts also examine how closely the prior acts relate to the charged conduct. *See United States v. Sterling*, 860 F.3d 233, 247 (4th Cir. 2017) (citing *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012)). The past conduct "need not be identical" to the

crime charged, but the mere fact that a defendant may have been involved in prior criminal activity does not itself provide "a sufficient nexus to the charged conduct" if the prior activity "is not related in time, manner, place, or pattern of conduct." *Sterling*, 860 F. 3d at 247 (citing *United States v. McLaurin*, 764 F.3d 372, 382 (4th Cir. 2014); *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010)).

Here, the past conduct the Government seeks to introduce is connected in manner and pattern of conduct. Defendant's prior fraud scheme and computer intrusion bear striking similarity to the password trafficking charged in this case. First, both actions name the same defendants – Sohaib Akhter and Muneeb Akhter. *See* Dkt. 41; *Akhter I*, Dkt. 51. Further, the conduct alleged in this case largely mirrors the conduct to which Defendant pled guilty in 2015. *See United States v. Lyon*, 751 F. App'x 359, 362 (4th Cir. 2018) (finding no abuse of discretion admitting prior fraud scheme under Fed. R. Evid. 404(b) as it showed the defendant's modus operandi and rebutted the claim the codefendant orchestrated the scheme instead of the defendant). As outlined *supra*, in *Akhter I*, Defendant worked with his Co-Defendant, Muneeb Akhter, to secretly install computer code onto a vendor website to gain access to customer credit card information and identification and then shared the information to their financial benefit. In the present case, Muneeb Akhter allegedly[3] secretly installed computer code onto a federal government agency portal to record for himself logins and passwords and Defendant and his brother then shared that information to benefit financially. Dkt. 41. Although 11 years separate the prior conduct from the conduct alleged in this case, the passage of time between Defendant's prior acts and the conduct charged in the instant offense does not render the evidence inadmissible. *See Sterling*, 860 F. 3d at 247 (holding that

---

[3] Although he is currently seeking to withdraw his guilty plea, Co-Defendant Muneeb Akhter pled guilty in this case to several counts asserted in the Superseding Indictment. Dkt. 73. Codefendant Muneeb Akhter did not, however, plead guilty to the conspiracy. *Id.*

8

although the Rule 404(b) evidence was fairly old, it did bear sufficient similarity in terms of pattern of conduct to justify its admission because the prior bad acts were exactly the same as the act Sterling was charged with under Count III). Here, the Court finds that the conduct charged and the prior scheme and computer intrusion are also sufficiently similar as they feature the same co-conspirators, pattern of secretly installing computer code onto a website, use of identity theft victim's accounts.

Because the Government offers the evidence to show motive, preparation, plan, knowledge, and modus operandi rather than character, the first prong of the *Queen* test is satisfied. Further, the evidence offered is critical to prove the *mens rea* elements of Count One, Conspiracy and Count Seven, Password Trafficking. Moreover, the Court finds that the Government's evidence is reliable as it intends to submit Defendant's Statement of Facts from *Akhter I*. Finally, although admitting this evidence will be prejudicial to Defendant's case, the Court does not find that the evidence's probative value is "substantially outweighed" by its prejudicial nature.

### C.    Other Alleged Prior Bad Acts

Neither party discusses the other prior bad acts identified by the Government in its Supplemental Notice and neither party discussed those particular acts at the hearing. Dkt. 90-2. Because Defendant broadly seeks to exclude all prior bad acts (Dkt. 69) and because the Government did not address the other particular acts (primarily relating to Defendant's violations of supervised release), the Court cannot assess at this time whether those prior bad acts meet the requirements of Rule 404(b) or the *Queen* factors. Accordingly, the Court will take the Motion under advisement in this regard and direct the Government to seek a bench conference before introducing any prior bad acts identified in docket entry 90-2 which specifically relate to Defendant's violations of supervised release.

9

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's 404(b) Motion (Dkt. 69) is DENIED-IN-PART and TAKEN-UNDER-ADVISEMENT-IN-PART; and it is

FURTHER ORDERED that the Government is permitted to admit, following the proper procedures to do so, evidence related to Defendant's prior possession of ammunition and Defendant's prior convictions as set forth in the *Akhter I* Statement of Facts. To the extent that the Government seeks to introduce other Rule 404(b) evidence included in its Supplemental Notice, the Government must first request a sidebar and obtain a ruling from the Court.

It is SO ORDERED.

Alexandria, Virginia
May 4, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

10